**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

No. 22-1423

UNITED STATES OF AMERICA
Appellee,

v.

DEREK MUNOZ-GONZALEZ
Defendant-Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**BRIEF FOR THE APPELLANT**

José R. Olmo-Rodríguez
Court of Appeals No. 79544
261 Ave. Domenech, SJ PR 00918
787.758.3570/Jrolmo1@gmail.com

**TABLE OF CONTENTS**

PAGE

Table of Authorities...........................................ii

Statement Regarding Oral Argument.............................iii

I. Jurisdictional Statement.....................................4

II. Statement of Issues Presented for Review....................4

III. Statement of the Case......................................4

IV. Summary of Arguments........................................7

V. Arguments...................................................8

    A.    Whether the waiver to appeal his sentence entered as part of his guilty plea precludes Munoz-Gonzalez from appealing the prosecution's breach of the plea agreement.

    B.    Whether the prosecution breached the plea agreement by advocating for two sentencing enhancements that were not included in the stipulated guideline calculation.

VI. Conclusion and Relief Sought..............................12

Certificate of Compliance.....................................12

Certificate of Service........................................12

Addendum. . . . . . . . . . . . . . . . . . . . . . . . . . .  13

i

# TABLE OF AUTHORITIES

**CASES**                                                    **PAGE**

**Supreme Court**

Santobello v. New York*, 404 U.S. 257 (1971) . . . . . . . . . . 11

**Appellate Courts**

Bucholz v. Green Bros. Co., 172 N.E. 101 (Mass. 1930) . . . . . 10

Correale v. United States*, 479 F.2d 944(1973) . . . . . . . . .11

Teragram Corp. v. Marketwatch.com, Inc., 444 F.3d 1(CA12006). . 10

United States v. Almonte-Nuñez, 771 F.3d 84(CA12014) . . . . . .11

United States v. Clark, 55 F.3d 9(1st Cir. 1995). . . . . . . . 10

United States v Saxena, 229 F.3d 1 (1st. Cir. 2000) . . . . . . .11

U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43(CA12002) . . 10


**STATUTES**

18 U.S.C. section 3241.......................................3

18 U.S.C. section 3742(b) ...................................3

18 USC sections 2251(a), 2252(2) and 2252(4)(B) . . . . . . . . 5

28 U.S.C. section 1291.......................................3

US Sentencing Guidelines
2G2.1(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . 5
2G2.1(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . .5
2G2.1(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . .6
2G2.1(b)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . 6
2G2.1(b)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . 6

REASON WHY ORAL AR2GUMENT SHOULD BE HEARD

Oral argument may be helpful to assist the Honorable Court to decide this matter.

## APPEAL BRIEF FOR THE APPELLANT

Herein appears Defendant-Appellant, Derek Munoz-Gonzalez ("Munoz-Gonzalez"), through the subscribing attorney and, respectfully, submits the following Brief in support of his Appeal to this Honorable Court:

## I. <u>JURISDICTIONAL STATEMENT</u>

The District Court's jurisdiction over this criminal prosecution was conferred by 18 U.SC. 3231. This Court's jurisdiction over this appeal from the District Court's judgment of conviction, a final order that disposed of all issues before that Court, is conferred by 18 U.S.C. 3742(a), and 28 U.S.C. 1291. Judgment was entered on May 11th, 2022. [Addendum (Add.), p. 36] A timely notice of appeal was filed on May 17th, 2022. Fed. R. App. P. 4(b)(1).

## II. <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

A. Whether the waiver to appeal his sentence entered as part of his guilty plea precludes Munoz-Gonzalez from appealing the prosecution's breach of the plea agreement.

B. Whether the prosecution breached the plea agreement by advocating for two sentencing enhancements that were not included in the stipulated guideline calculation.

## III. <u>STATEMENT OF CASE</u>

### A. The charges

On January 27th, 2021, a grand jury returned an indictment alleging on count one that, from about January 11th, 2021 to on or about January 13th, 2021, appellant Munoz-Gonzalez produced child pornography of a female minor, which was his own daughter, in violation of 18 USC sections 2251(a), 2252(2) and 2252(4)(B). Count two charges appellant Munoz-Gonzalez with producing child pornography of his fifteen-year-old sister-in-law, in violation of 18 USC sections 2251(a), 2252(2) and 2252(4)(B). Appellant Munoz-Gonzalez is charged in count three with distributing said images and on count four he is charged with the actual possession of the images, in violation of 18 USC sections 2252(2) and 2252(4)(B), correspondingly. [Appendix (App), p. 1].

### B. The change of plea

Munoz-Gonzalez entered a plea agreement with the prosecution stipulating a guideline range of 262-327 months and that Munoz-Gonzalez could request a sentence of 262 months of imprisonment, which is the low end of the guideline range, while the prosecution could request a sentence of up to 276 months. The agreed upon guideline calculation included enhancements for involving a minor in the offense, 2G2.1(b)(1)(A), distribution of images of the person, 2G2.1(b)(3), and because the parent of the victim was

involved in the offense, 2G2.1(b)(5). As part of the plea agreement, Appellant waived his right to appeal the judgment and sentence if sentenced to 327 months or less. [App., p. 5, 9] On October 25th, 2022, he pled guilty pursuant to the plea agreement and admitted the facts alleged in the indictment.

## C. Sentencing

On January 28th, 2022 the presentence investigation report was filed. Particularly, the probation office's unobjected sentencing guideline calculation, contains, in addition to the same enhancements included in the plea agreement, enhancements for involving a sexual act, or sexual contact, 2G2.1(b)(2)(A) and for depicting images of an infant, 2G2.1(b)(4)(B). As a result, the Probation Office reached a guideline term of 360 months, at a total offense level of 43 and recommended a 360-month sentence. It also stated that Munoz-Gonzalez is a first offender who was a productive and caring human being suffering an addiction to child pornography since he was 14 years old. [Sealed Appendix (SApp.); p. 10-12; 13-16]

On May 11th, 2022, during the sentencing hearing, the prosecution breached the plea agreement by advocating[1] for two

---

1 The prosecutor specifically stated that she wanted to "emphasize" on these matters.

enhancements that were not included in the stipulated guideline calculation. The prosecution expressly stated that the "gravity" and "seriousness" of the case was precisely the sexual contact and the publishing of the image of the infant and that cases involving infants are "seldom". The prosecution breached the plea agreement by advocating to the court at sentencing that the offense involved sexual contact and images of an infant because those two enhancements had not been included in the plea agreement and the district court did not require the prosecution to present a position as to those factors. Therefore, the prosecution advocated for enhancements that were outside the plea agreement stipulations. [Add., p.14, ln.5 – p. 15, ln.17]

Munoz-Gonzalez was sentenced to 327 months of imprisonment, as to each count to be served concurrently which was significantly higher (65 months) than the prison terms requested by Munoz-Gonzalez of 262 months. [Add.; p. 21, ln.2 – p. 26, ln. 23; 36-37]

## V.   <u>SUMMARY OF ARGUMENTS</u>

The prosecution breached the plea agreement by advocating for two enhancements that were not included in the stipulated guideline calculation and Munoz-Gonzalez was sentenced to 327 months of imprisonment, as to each count to be served concurrently, which

was significantly higher than the sentencing range recommended by the parties to the court of 262-276 months (65 months higher than the lower end and 51 months higher than the higher end).

**VI. <u>ARGUMENTS</u>**

As both arguments are related, we will discuss them together. The waiver of appeal only concerns challenges to the district court's imposition of a sentence, and does not constitute a waiver of a contractual obligation between the parties, such as the plea agreement. It reads, as follows: "[d]efendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the court is 327 months of less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release. [App., p.9] Therefore, the waiver of appeal included in the plea agreement does not bar this appeal.

The prosecution breached the plea agreement by advocating, or emphasizing, to the court, at sentencing, that the offense involved sexual contact and images of an infant because those two enhancements had not been included in the plea agreement and the district court did not require the prosecution to present a position as to those factors. Therefore, the prosecution advocated

for enhancements that were outside the plea agreement stipulations, on its own initiative. [Add.; p. 21, ln.2 – p. 26, ln. 23; 36-37]

Those two particular enhancements are the ones that, when applied, result in a guideline range of 360 months as calculated by the probation office which is 33 months closer to the 327-month sentence than the agreed upon range of 262-276 months. Therefore, the sentence imposed is closer to the sentencing range that results when the two unstipulated enhancements are added than to the sentencing range agreed by the parties.

The record shows that, without any request from the district court, the prosecutor actively and specifically advocated, and emphasized, for those two factors that were excluded from the plea agreement guideline calculation. Therefore, Munoz-Gonzalez requests that his plea agreement, conviction and sentence be vacated because he entered into a plea agreement that did not contain two sentencing enhancements believing that he would receive the support of the prosecution for a lesser sentence, precisely on account of the omission of those enhancements from the sentence calculation, only to find that, at sentencing, the prosecution did not honor the contract and advocated vigorously for those enhancements. The process was fundamentally unfair.

Munoz-Gonzalez should be allowed to begin the process anew and, therefore, his plea agreement, conviction and sentence should be vacated.

The prosecution's breach is material. <u>Teragram Corp. v. Marketwatch.com, Inc.</u>, 444 F.3d 1, 9-12 (1st Cir. 2006) (upholding release of party from further performance after counter-party committed material breach); <u>U.S. Steel v. M. DeMatteo Constr. Co.</u>, 315 F.3d 43, 49-50 (1st Cir. 2002) (rejecting argument for enforcement of contract because arguing party had materially breached). A breach is material if it involves "an essential and inducing feature of the contract." <u>Marketwatch.com</u>, 444 F.3d at 11 (quoting <u>Bucholz v. Green Bros. Co.</u>, 172 N.E. 101, 102 (Mass. 1930)). Here, the breach was material, as the only concession made by the government to Munoz-Gonzalez in exchange for his trial waiver and guilty plea was taken back by the prosecution by advocating for those two unstipulated sentencing enhancements.

There is a material difference between answering questions asked by a sentencing court and affirmatively advocating for an enhancement. <u>United States v. Clark</u>, 55 F.3d 9, 13(1st Cir. 1995). The prosecution's statements here plainly were not made in response to any inquiry by the district court to correct a misstatement of fact. Therefore, those statements crossed the line into forbidden

terrain because supporting an enhancement entails an element of advocacy, and there was such advocacy by the prosecutor here. <u>United States v Saxena</u>, 229 F.3d 1 (1st. Cir. 2000), <u>United States v. Almonte-Nuñez</u>, 771 F.3d 84, 89 (1st Cir. 2014).

"[A] prosecutorial failure to fulfill a promise or to make a proper promise is not rendered harmless because of judicial refusal to follow the recommendation or judicial awareness of the impropriety." <u>Correale v. United States</u>, 479 F.2d 944, at 949 (1973). Thus, even if the prosecutor's breach had no effect Munoz-Gonzalez's sentence, he would still be entitled to a remedy. <u>Santobello v. New York</u>, 404 U.S. 257 (1971) (remanding for remedy even though sentencing judge "stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that"). As explained in <u>Correale v. United States</u>, the reason that the government's breach cannot be harmless is obvious; it is the defendant's rights which are being violated when the plea agreement is broken or rendered meaningless. It is Munoz-Gonzalez's trial waiver which must be voluntary and knowing. Munoz-Gonzalez offered that waiver not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statements in court. If they are not adequate, the waiver is ineffective. <u>Correale v. United</u>

States, 479 F.2d at 949. <u>United States v. Clark</u>, 55 F.3d 9(1ˢᵗ Cir. 1995).

## VIII. <u>CONCLUSION AND RELIEF SOUGHT</u>

Wherefore, for all the foregoing reasons, the Appellant very respectfully requests that his conviction and sentence be vacated, and the case remanded for further proceedings.

### CERTIFICATE OF COMPLIANCE

The undersigned counsel for Appellant certifies that the foregoing Brief complies with the type-volume limitations under Rule 32 (a) (7) (B) (I) of the Federal Rules of Appellate Procedure and the Local Rules for the U.S. Court of Appeals, First Circuit. The Brief has been prepared using 12-point Courier New typeface in WordPerfect 8 software. Exclusive of the table of contents, table of citations, addendum and certificate of service, the Brief contains 12 pages and 1,591 words.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date I have served by sending by first class mail two (2) true and correct copies of this appeal brief to the counsel of record: Mariana Bauza, Assistant U.S. Attorney Chardon Tower 16ᵗʰ floor, #350 Chardon Ave., H.R., P.R. 00918.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, this 22th day of April 2023.

S/José R. Olmo-Rodríguez
CA179544
José R. Olmo-Rodríguez, Esq.
261 Ave. Domenech S.J., P.R.00918
787.758.3570/jrolmo1@gmail.com

**ADDENDUM**

## ADDENDUM TABLE OF CONTENTS

1. Transcript of sentencing hearing . . . . . . . . . . . . . 1

2. Judgment in a Criminal Case (DE# 609) . . . . . . . . . . .36

COPY - Jose Olmo-Rodgz

```
 1                 IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
 2

 3     :_____:

 4      THE UNITED STATES OF AMERICA,    :
                          Plaintiff,     :
 5                                       :
                    vs.                  :   Case No: 21-CR-020 SCC
 6                                       :
        [1] DEREK MUÑOZ-GONZÁLEZ,        :
 7                        Defendant.     :
       :_____:
 8
                   TRANSCRIPT OF SENTENCING HEARING
 9        HELD BEFORE HONORABLE JUDGE SILVIA L. CARREÑO-COLL
       CLEMENTE RUIZ-NAZARIO U.S. COURTHOUSE, SAN JUAN, PUERTO RICO
10           WEDNESDAY, MAY 11, 2022, BEGINNING AT 10:55 A.M.
       :_____:
11

12     A P P E A R A N C E S:

13     For the United States of America:

14          Assistant U.S. Attorney Jenifer Y. Hernández-Vega

15

16     For the Defendant:

17          Attorney Melanie Carrillo-Jiménez

18

19     ALSO PRESENT:

20          Reina L. Álvarez-Miranda, Courtroom Deputy Clerk

21          Janis Palma, Court Interpreter

22          Natalia Matos, U.S. Probation Officer

23

24

25
```

Sentencing Hearing - Derek Muñoz-González

1          THE COURTROOM DEPUTY:  All rise.

2          (The Court enters the room.)

3          THE COURT:  You may be seated.  You may call

4    the case.

5          THE COURTROOM DEPUTY:  Criminal case 21-020.

6    USA versus Derek Muñoz-González for sentencing

7    hearing.  On behalf of the government, AUSA Jenifer

8    Hernández.  On behalf of the defendant, Attorney

9    Melanie Carrillo.  The defendant is present in court

10   and is assisted by a certified court interpreter.

11         MS. HERNÁNDEZ-VEGA:  Good morning, Your

12   Honor.  The United States is ready to proceed.

13         THE COURT:  Good morning.

14         MS. CARRILLO-JIMÉNEZ:  Good morning, Your

15   Honor.  Attorney Melanie Carrillo on behalf of Derek

16   Muñoz, we're also ready to proceed.

17         THE COURT:  All right.  Ms. Carrillo, the

18   probation officer mentioned that there are some family

19   members that would like to use headphones, headsets, I

20   don't have a problem allowing that.

21         MS. CARRILLO-JIMÉNEZ:  Thank you, Your Honor.

22         THE COURT:  And the other Ms. Carrillo in the

23   courtroom, if some other individuals present would

24   like headphones I'm amenable to that too.

25         MS. HERNÁNDEZ-VEGA:  The person that is

Sentencing Hearing - Derek Muñoz-González

1  present understands English.

2          THE COURT:  Very well.

3          MS. HERNÁNDEZ-VEGA:  Actually we do need one

4  for someone else.

5          THE COURT:  I just want to make it available.

6  So whoever wants a headset can have one so that they

7  can hear the interpretation of the proceedings.

8  Ms. Carrillo, any to the PSR?

9          MS. CARRILLO-JIMÉNEZ:  No objection, Your

10  Honor.

11          THE COURT:  Ms. Hernández, any objections on

12  the part of the government?

13          MS. HERNÁNDEZ-VEGA:  No objections, Your

14  Honor.

15          THE COURT:  Very well.  Any argument,

16  Ms. Carrillo?

17          MS. CARRILLO-JIMÉNEZ:  Yes, Your Honor.  Your

18  Honor, first of all, the defendant is here being

19  accompanied by his mother, his father, stepdad, and

20  aunt, Your Honor.  Defendant's mother would like to

21  address the Court.  She wrote something that she would

22  like to read to the Court before imposing sentence.  I

23  would request that she be allowed to address the Court

24  before any allocution made by me or the defendant.

25          THE COURT:  Very well, I'll allow it.

Sentencing Hearing - Derek Muñoz-González

1    THE INTERPRETER:  Your Honor, may we inquire
2  if that's going to be in Spanish.
3    THE COURT:  So the interpretation is going to
4  be to English.  She will be addressing the Court in
5  Spanish.  Can you do that, Ms. Palma?
6    MS. CARRILLO-JIMÉNEZ:  Your Honor, if the
7  Court wants she can read the whole statement in
8  Spanish and then provide the document to the
9  interpreter and she can translate the whole thing.
10    THE COURT:  Is that easier?
11    THE INTERPRETER:  Yes, that would be work,
12  yes.
13    THE COURT:  Very well, let's do that then.
14    (Ms. González-Torres reads letter.)
15    MS. GONZÁLEZ-TORRES:  Permission to withdraw.
16    THE COURT:  You have it.
17    THE INTERPRETER:  Greetings to the
18  distinguished court.  My name is Gladys Marie
19  González-Torres, the mother of Derek Muñoz-González.
20  I am addressing you with a lot of respect on the day
21  most difficult for Derek, as well as for the entire
22  family, friends, and close ones.
23    Derek was a child wanted by his parents and
24  his arrival caused us great happiness.  His childhood
25  was very normal.  He was especially very healthy in

Sentencing Hearing - Derek Muñoz-González

1  his development which surprised us because he would go

2  beyond each stage prior to the scheduled time.

3        He grew up in the fields of Peñuelas and

4  thereby his love for animals and his humility.  From

5  the very beginning in his education he was in four

6  different schools and he adapted very well to changes.

7  His average was never below a B, he was a very good

8  student.  His parents separated since he was four

9  years old, but their relationship was always cordial

10 because of Derek's well-being.

11       Derek only has one brother on his mother's

12 side whose name is Kenny, K-e-n-n-y, Colón-González

13 who started to show delays in his development since he

14 was three years old in every area and therefore

15 started to receive evaluations and treatment until

16 this day when he is 19 years old.  He continues with

17 his conditions.  As brothers they were always very

18 close.

19       Every time I think of Derek my heart breaks.

20 On the one hand because I'm his mother, on the other

21 hand because I know what's in his heart.  It is a

22 noble, clean, pure heart -- a child that maybe was

23 calling out for help who had certain needs and because

24 he was so passive he did not dare to speak up maybe

25 just to say what he was feeling or what was happening

1    to him out of shame.

2         As a mother, I was very strict, straight,

3    serious, demanding, and I don't know if that even

4    intimidated him so that he would not speak up and ask

5    for help; because the same way that I helped Kenny out

6    I would have helped him too.  I never had a situation

7    with Derek in school where I would have to show up

8    because of his behavior or because he did something.

9    On the contrary, everyone who knows Derek could see

10   what a special human being he is.

11        We do have a situation that needs to be

12   worked on.  He has to be helped.  He needs

13   professional help because I gave him all the other

14   helps that I could provide.  I worried more about

15   material things and basic needs, I have always been I

16   am and will continue to be proud of who Derek is.  Now

17   more than ever he needs our help and we are going to

18   be here for him.

19        Derek is a loving, kind, empathic, humble,

20   considerate, working young man.  He never used drugs.

21   He doesn't drink.  He doesn't like to go out because

22   that's what he got used to as he was growing up.  He

23   would always leave school or the university or work

24   and come straight home.

25        We do acknowledge the seriousness of the case

Sentencing Hearing - Derek Muñoz-González

1    but also, as I look into his eyes, I see that he

2    deserves a second chance hand-in-hand with help and a

3    lot of support.  After the sentencing we will continue

4    to be by his side accompanying him as a united family

5    as we have always been and giving him all the tools so

6    that he can rebuild his life within society.

7             THE COURT:  Thank you, Ms. Palma.

8             MS. CARRILLO-JIMÉNEZ:  Your Honor, if.

9    I may.

10            THE COURT:  You may.

11            MS. CARRILLO-JIMÉNEZ:  Your Honor, this has

12   been a very tough case for me to prepare prior to the

13   sentencing hearing.  As this Court is aware, I've

14   dealt with many cases of this nature; yet, this case

15   is one that's extremely difficult not only for me I'm

16   sure for the prosecutor, I'm sure for the judge and

17   everyone that has been involved, the probation

18   officer, because of the nature and circumstances of

19   this offense, Your Honor.

20            When I went to talk to Derek in preparation

21   for today I asked him, "Derek, tell me, what should I

22   tell the judge?  Why should the judge give you a

23   chance?  Why should the judge give you 21 years

24   instead of the 23 years that the government is

25   requesting?  Instead of the 27 or the statutory

Sentencing Hearing - Derek Muñoz-González

1    maximum 30 years?"  And I was looking for guidance.

2         And he told me, "*Melanie, yo merezco estar*

3    *donde estoy.*  I deserve to be where I am."

4         When I heard that, I said, you know what,

5    this is exactly the reason why he deserves a chance.

6    He understands completely the severity of what he did.

7    He is extremely repentant of what he did.  He

8    recognizes that he needs a lot of treatment.  He told

9    me, "Melanie, you know what, the best thing that has

10   happened for me is to be detained.  I needed a detox.

11   I needed to get out.  I tried.  There was no way out.

12   There was no way out.  I had been addicted to child

13   pornography for one too many years."

14        THE COURT:  How did he try?

15        MS. CARRILLO-JIMÉNEZ:  He said that

16   he didn't -- he was too ashamed on talking to anyone

17   about it.  No one knew about this.  No friends.  He

18   said that he never ever talked to anyone about this.

19   I was the first person that he ever spoke about this

20   reality, Your Honor.

21        He stated that at 14 years old he commenced

22   viewing pornography and he would look for pornography

23   for kids the same age as he was.  He was 13, 14 years

24   old so that's what he would see.  He never had a

25   girlfriend.  His first girlfriend, his first ever

Sentencing Hearing - Derek Muñoz-González

1    sexual contact with any woman was with Kiara, the

2    mother of his son -- of his daughter, Your Honor.  And

3    so he started watching pornography since a very young

4    age.

5         Like the mother said -- and it's very sad

6    when you hear parents in these kinds of offenses that

7    they always say -- always, Your Honor, I don't think

8    I've ever had a case in which a mother says, you know,

9    something different.  But they always say, He was so

10   calm.  He never got into fights.  He was always so

11   silent.  He would always be in his room playing.  He

12   didn't have any friends.  It's always that same thing.

13        And parents would think that, Oh, that's

14   good, you know, he's never in trouble, I never get

15   called by the school.  I never get -- you know, it's a

16   perfect example kid.  And, on the other hand, this kid

17   has so many issues and he has no escape, he has no one

18   to tell.  So that was his escape, Your Honor.

19        When we listen and when I read Derek's

20   mother's letter I said, you know what, if I see this

21   it's like a perfect kid, you know, it's a kid that

22   you'd want as a son.  And how does he end up standing

23   before the Court in an offense so horrendous like the

24   one he's facing, Your Honor, not because of the

25   sentencing that he's facing but actually the facts of

Sentencing Hearing - Derek Muñoz-González

1    the case?  And it goes as to all what's mental health,

2    Your Honor.  Mental health -- the lack of mental

3    health, I think, is the worst thing that could ever

4    happen to anyone.

5           This defendant has been in need of treatment.

6    He says that when he understood that he was 13,

7    14 years old it was okay for him to watch kids having

8    sex the same age because he was the same age of them.

9    But yet he had something that he said once I'm 18 I

10   can't continue watching this 'cause this is wrong,

11   'cause I'm an adult already, but he couldn't stop

12   watching it.

13          He tried.  Sometimes he would do a big effort

14   and be like a month without watching it and it would

15   just burst.  He said that when Kiara became pregnant

16   that's when he really got worried and he was afraid

17   that something like this would ever happen.

18          And he said that -- that's why he says, I am

19   where I have to be, I need treatment.  He's like, I

20   don't -- he honestly doesn't care how many years he

21   gets sentenced, Your Honor.  He's like, Melanie, I

22   need treatment, I don't want -- you know, I need to

23   get out of this.  For him it's like the worst drug

24   that he could ever imagine, Your Honor.  He

25   understands that what he did -- the sentencing that --

Sentencing Hearing - Derek Muñoz-González

1  the sentence that he's going to receive, Your Honor,

2  it's not as to the number of years, it's as to

3  everything that he's gonna carry for the rest of his

4  life.

5  The fact that he knows that his daughter's

6  gonna have to deal with this when she grows up,

7  knowing -- you know, eventually someone's gonna tell

8  her why her father is not around.  Even though, thank

9  God, she won't remember anything that happened, she

10  will be told that he's in prison and probably she will

11  find out why and the nature of the offense, Your

12  Honor.  And that is something that drives him crazy

13  because of the pain that he knows she will suffer

14  through the years because of this.  That was one event

15  that happened yet it has consequences for the rest of

16  her life, Your Honor.

17  When I negotiated this case with sister

18  counsel for the government, which was not easy, Your

19  Honor, as it usually is, I thought about the 21 years,

20  Your Honor.  I think it's a key number in this case

21  because that's -- she's gonna be an adult at that

22  time, Your Honor.  She's gonna be able to decide how

23  to deal with her past, her life.  Your Honor, she's

24  gonna be able to make her own decisions.  He

25  recognizes that most likely than not she won't want to

Sentencing Hearing - Derek Muñoz-González

1  have anything to do with him, and he will respect that

2  and he respects that.

3      He suffers.  Like he said, I missed her first

4  birthday, I missed her first steps.  He's gonna miss

5  her whole life, Your Honor.  Twenty-one years is a

6  whole development of a human being and he's not gonna

7  be around, and most likely than not she won't want to

8  see him ever again, Your Honor, which is

9  understandable and he acknowledges that, Your Honor.

10 So that is part of the sentencing that he will be

11 receiving, Your Honor.

12      This defendant, I think that the sentence

13 that's over 10, 15 years, the extra years really don't

14 make a difference as to rehabilitation.  If this

15 defendant doesn't rehabilitate by the 10 or 15 years

16 he's never gonna rehabilitate, Your Honor.  Yet, I do

17 believe that that's why I understand that I'm sticking

18 in the plea agreement of 21 years and ten months, Your

19 Honor, which is what we are requesting.  I don't think

20 that the two years -- the year and nine extra months

21 the government is requesting is really gonna make a

22 difference as to deterrence, punishment, paying his

23 dues to society, Your Honor.

24      This defendant explains how he needs

25 treatment, Your Honor, how he wishes he ever spoke up,

Sentencing Hearing - Derek Muñoz-González

1  Your Honor.  It is what it is, right?  We have to face

2  life with our decisions and the decisions keep on

3  going for many, many years, Your Honor.  And this is

4  the case of Derek, Your Honor.  He's a very young kid

5  and he's 25 years old.  Yet, hopefully by the time he

6  comes out he can go back to society, he can be a

7  person of good, Your Honor, receives the treatment,

8  gets out of this terrible addiction that he has, Your

9  Honor.

10        And he's also gonna have to deal with

11  long-term.  I know it's gonna be a long term of

12  supervision which is also gonna be beneficial for him

13  'cause we can assure that he continues receiving

14  whatever necessary treatment he needs by then, Your

15  Honor, plus register as a sex offender.  So it's a

16  very complex sentencing that this defendant will be

17  receiving, Your Honor.  I don't want to continue

18  burdening this Court but I do understand that a

19  sentence of 21 years and ten months is sufficient in

20  this case and not greater than necessary, Your Honor.

21        Also, I would like to add this defendant is

22  requesting the designation recommendation of

23  Seagoville, Texas.  The reason for that is because of

24  the great sex offender treatment that they have there,

25  Your Honor.  That's an institution that specializes in

Sentencing Hearing - Derek Muñoz-González

1   those kinds of offenses and that's basically the

2   reason why we're requesting that, Your Honor.

3         THE COURT:  Thank you.  I would like to hear

4   from the prosecution.

5         MS. HERNÁNDEZ-VEGA:  Yes, Your Honor.  In

6   this case, the United States stands by the plea

7   agreement that was ascribed by the parties.  Pursuant

8   to that plea agreement, the United States is

9   requesting a sentence of 276 months of imprisonment

10  which is within the guideline that was calculated in

11  the plea agreement.

12        Now, in the allocution of defense counsel and

13  of the defendant they have focused mainly on -- under

14  the 3553 factors, on the history and characteristics

15  of the defendant.   But as this Court is well aware we

16  also have to consider the seriousness of the offense,

17  that we need to afford adequate deterrence for his

18  criminal conduct to protect the public from further

19  crimes of this defendant.

20        And in this particular case, there are two

21  victims in this case and one of them is not the

22  defendant.  Particularly it was his own biological

23  daughter which was just ten months old -- and he chose

24  to be a parent -- and a 15-year-old female.

25        And in the stipulation of facts which we will

1    not read all to the Court because it is part of the

2    record, but we do want to emphasize that the videos

3    that he sent of his daughter to other persons with

4    like tastes in images relating to children include the

5    image of the infant lying on her back wearing a blue

6    shirt.  The child is nude from the waist down and her

7    legs are spread exposing her bare vagina.  A video

8    depicting him pressing his bare, erect penis on the

9    infant's bare vagina, and an image of him licking the

10   same infant's bare vagina with his tongue.

11          So this is the gravity and the seriousness of

12   this particular offense.  And we have had many of

13   these cases but seldom do we have a case that includes

14   a ten-month-old baby.  And in this case we understand

15   that the guideline calculations that we made did take

16   into consideration all the 3553 factors and we stand

17   by our recommendation of 276 months of imprisonment.

18          THE COURT:  Thank you.

19          MS. HERNÁNDEZ-VEGA:  The mother of the victim

20   is in court but has chosen not to speak.  She did

21   provide a statement to the probation officer.

22          THE COURT:  Is the probation officer going to

23   read it on the record or submit it to the Court?

24          PROBATION OFFICER:  Your Honor, it's included

25   in the presentence report.

Sentencing Hearing - Derek Muñoz-González

1    MS. HERNÁNDEZ-VEGA:  Yes.  No need to read

2  it, it's just part of the presentence report.

3    THE COURT:  Okay, I need to see it now.  I

4  need to see a copy if you have it.  Okay, yes, I do

5  have it.  I just wanted to make sure that it's the

6  statement contained in the presentence report at

7  page 8.  I wanted to make sure that I had seen it.

8    (Proceedings paused.)

9    THE COURT:  All right.  Duly noted.  Anything

10  else, Ms. Carrillo?

11    MS. CARRILLO-JIMÉNEZ:  Your Honor, the

12  defendant would like to address the Court.  It's in

13  Spanish, Your Honor, so if we can do the same thing

14  as --

15    THE COURT:  Very well.

16    (Defendant allocutes in Spanish.)

17    THE COURT:  Thank you.

18    THE INTERPRETER:  Dear Honorable Judge Silvia

19  Carreño, may God bless you and all the members of this

20  Honorable Court.

21    First of all, I would like to thank you for

22  allowing me to speak up.  Suffice it to say, how

23  repentant I am.  I want to ask my family and my

24  daughter for their forgiveness.  I know that my

25  mistakes and my ignorance have made my family, as they

Sentencing Hearing - Derek Muñoz-González

1  have made me, suffer a lot.  That is why I'm asking my

2  family for their forgiveness even though they know how

3  many times I have done it before.  I want them to know

4  how much I love them and I thank them for remaining by

5  my side and supporting me during this hard, difficult

6  process.

7        At this time, I also want to offer a very

8  sincere and profound apology to the mother of my

9  daughter, Kiara, because not only did I betray her

10 trust but also destroyed our family.  I destroyed your

11 greatest dreams of having a large and happy family.  I

12 didn't realize how blessed I was for having both of

13 you in my life.  I had everything any person could

14 wish for and I ruined it.  I regret all the pain that

15 I have caused.  I hope that some day you will be able

16 to forgive me for what happened with our daughter

17 ███, as well as with your sister ███████.

18        Even though I have not been able to address

19 her directly, I would like her to know how repentant

20 and ashamed I feel.  I want her to know about the

21 remorse and the guilty conscious that will accompany

22 me for the rest of my life as a reminder of my

23 actions.  And I agree with that.  I deserve to never

24 forget the anguish that I have caused.

25        I must say that I also ask for my daughter's

Sentencing Hearing - Derek Muñoz-González

1    ███████ forgiveness for what I did.  She will always be

2    in my heart and my thoughts and especially in my

3    prayers.  I hope that the divine breath of our

4    heavenly father will guide you, accompany you, and

5    protect you forever.

6           Finally, I want to thank the being that

7    during this entire process has not never abandoned me.

8    He has listened to me.  He has consoled me.  He has

9    lifted me.  And, above all, he has not judged me.

10   That wonderful being, that is God.  From the beginning

11   of this process I have felt love in his presence.  He

12   has taught me that during the most difficult test that

13   is when he transforms us the most.  Many times, as a

14   good teacher does, he stays apart and silent while he

15   observes us during the test.

16           In spite of that distance and silence, we are

17   always under his divine protection.  Nevertheless,

18   Honorable Judge Silvia Carreño, as human beings we're

19   not exempt from the evils of this world.  I'm not

20   justifying my actions.  I just want to clarify that

21   everyone, regardless of who we are, is capable of

22   mistakes and repentance.

23           Many people repeat these words on a daily

24   basis before you and maybe in the eyes of many I am no

25   different from them but time will tell and my actions

Sentencing Hearing - Derek Muñoz-González

1    will show that my repentance is genuine.  Once more, I

2    thank you for the opportunity you have given me to

3    speak up before this Honorable Court.  And to my

4    family I remind them that I love them very much.  May

5    God bless you and protect you always.

6         THE COURT:  Thank you.

7         So, I agree with Ms. Carrillo that this is a

8    very hard case for everyone.  And I agree with you

9    because it is very heartbreaking every time a child is

10   abused, every time a child is exploited.  But when the

11   person doing the harm, the exploitation, is the father

12   or is the mother it's just shocking to the conscious.

13   It's not even within our instincts not to protect our

14   young ones.

15        And, you know, I am sorry but I have to say

16   that during the defendant's mother's statement she did

17   not once mention her granddaughter.  Not once.  And to

18   me it's shocking because she also has a duty to

19   protect her granddaughter.

20        And I understand that there are compulsions

21   that may be stronger than us, but Mr. Muñoz is a

22   smart, intelligent, educated person and he could have

23   cried out for help before engaging in this conduct.

24   He has the family support.  He did not have a horrific

25   upbringing like some defendants who come before me and

Sentencing Hearing - Derek Muñoz-González

1 tell me, you know, I was abused myself, I was

2 mistreated, I was exploited. I didn't know better, I

3 just, you know, followed what happened to me. But

4 that's not your case. You had a beautiful childhood.

5 You had the support of your family. You have the

6 education. You had an intelligent partner, your

7 spouse, that you could have come clean when you had

8 your daughter and said, Listen, I have a problem. And

9 you didn't.

10 And not only did you just, you know, allow

11 your compulsion to take over, you published it. So it

12 wasn't only for your own personal satisfaction but you

13 shared this. So how could you do this to your baby

14 daughter? I just can't fathom. I agree that you need

15 help.

16 And to Kiara, you're very brave. And you

17 have my respect for not being complicit and protecting

18 your child and protecting your sister. And that is

19 brave and courageous.

20 So I don't have much more to say other than

21 I'm going to impose the sentence that I believe is

22 just, fair, and not greater than necessary; and that I

23 do hope that you get the help that you need and that

24 you can at some point in life rejoin society, you

25 know, as a law-abiding individual who has become a

Sentencing Hearing - Derek Muñoz-González

1    better version of yourself.

2            On October 25, 2021, the defendant, Derek

3    Muñoz-González, pled guilty to Counts 1 and 2 of the

4    indictment in Criminal Case No. 21-020, which charges

5    a violation of Title 18, U.S. Code, Section 2251(a)

6    and (e), production of child pornography, a Class B

7    Felony.

8            The November 1, 2021 edition of the U.S.

9    Sentencing Guidelines has been used to apply the

10   advisory guideline adjustments pursuant to the

11   provisions of Guideline Section 1B1.11(a).  Counts 1

12   and 2 cannot be grouped for guideline calculation

13   purposes.

14           As to Count 1, the guideline for a violation

15   of Title 18, U.S. Code, Section 2251(a) and (e)is

16   found at sentencing guideline Section 2G2.1.  That

17   section provides that an offense involving the

18   production of child pornography has a base offense

19   level of 32, pursuant to sentencing guidelines

20   2G2.1(a).

21           Because the offense involved a minor who had

22   not attained the age of 12 -- I understand from the

23   record that the minor was eight months old.  The

24   prosecutor stated that she was ten; however, it does

25   not make a difference because a four-level increase is

Sentencing Hearing - Derek Muñoz-González

1    warranted pursuant to U.S. Sentencing Guidelines

2    Section 2G2.1(b)(1)(A).  Because the offense involved

3    the commission of a sexual act or sexual contact a

4    two-level increase is warranted, pursuant to U.S.

5    Sentencing Guideline 2G2.1(b)(2)(A).

6         Since the defendant knowingly engaged in

7    distribution a two-level increase is warranted,

8    pursuant to U.S. Sentencing Guidelines 2G2.1(b)(3).

9    Because the offense involved material that portrays an

10   infant four levels are added, pursuant to sentencing

11   guidelines 2G2.1(b)(4)(B).  Because the defendant was

12   the minor's father two levels are added, pursuant to

13   Section 2G2.1(b)(5).  Therefore, the total adjusted

14   offense level is 46.

15        As to Count 2 the guideline for a violation

16   of Title 18, U.S. Code, is Section 2251(a) and (e)

17   and is found at sentencing guideline 2G2.1.

18             MS. CARRILLO-JIMÉNEZ:  Your Honor, if I may.

19             THE COURT:  I'm sorry?

20             MS. CARRILLO-JIMÉNEZ:  I'm so sorry to

21   disrupt.  I'm adding and it's at 44.  I keep on adding

22   and -- I know at the end it doesn't make a difference

23   as to the calculation because it's way after but that

24   should be --

25             THE COURT:  Base offense level 32, that the

Sentencing Hearing - Derek Muñoz-González

1    minor was eight months old is 36, sexual contact is

2    38, distribution is 40 and four levels 44 and he was

3    the father, two, 46.

4            MS. CARRILLO-JIMÉNEZ:  I'm sorry, Your Honor.

5    I'm missing the other one here in the printout, yes,

6    Your Honor, I'm so sorry.

7            THE COURT:  As I was saying, as to Count 2

8    the section that involves production of child

9    pornography has a base offense level of 32 because the

10   offense involved a minor who had not attained the age

11   of 12 -- I'm sorry, the age of 12 but not 16 two

12   levels are added, pursuant to sentencing guidelines

13   2G2.1(b)(1)(B).  Since the defendant knowingly engaged

14   in distribution a two-level increase is warranted,

15   pursuant to Section 2G2.1(b)(3).  Because the

16   defendant was a relative of the minor, he was the

17   brother-in-law, two levels are added, pursuant to U.S.

18   Sentencing Guidelines Section 2G2.1(b)(5) for a total

19   adjusted offense level of 38.

20            The greater adjusted offense level is 46 and

21   it is increased by one level according to the number

22   of units assigned pursuant to sentencing guideline

23   3D1.4.  The combined adjusted offense level is 47.

24   Because the offense of conviction is a covered sex

25   crime, neither 4B1.1 nor subsection (a) of 4B1.5

Sentencing Hearing - Derek Muñoz-González

1  applies.

2           The defendant engaged in a pattern of

3  activity involving prohibited sexual conduct.

4  Therefore, the defendant is deemed to be a repeat and

5  dangerous sex offender against minors.  The offense

6  level shall be five plus the offense level determined

7  under Chapters 2 and 3.  In this case, the applicable

8  offense level is 52 pursuant to U.S. Sentencing

9  Guidelines 4B1.5(b)(1).  Since he has demonstrated

10 acceptance of responsibility for his participation in

11 the offenses the offense level is reduced by three.

12 There are no other applicable guideline adjustments.

13          Pursuant to Chapter 5, in those rare

14 instances where the total offense level is calculated

15 in excess of 43, the offense level will be treated as

16 a Level 43.  Based on a total offense level of 43 and

17 a Criminal History Category of I, the guideline

18 imprisonment range for this offense is life.  However,

19 because the maximum statutory imprisonment term is

20 360 months, the guideline imprisonment range is up to

21 360 months with a fine range of 50,000 to $250,000,

22 plus a supervised release term of at least five years

23 and up to life as to each count.

24          The Court has reviewed the advisory guideline

25 calculations and finds that the presentence

Sentencing Hearing - Derek Muñoz-González

1  investigation report has adequately applied the

2  guideline computations.  The guideline computations

3  satisfactorily reflect the components of this offense

4  by considering its nature and circumstances.

5  Furthermore, the Court has considered the other

6  sentencing factors as set forth in Title 18, U.S.

7  Code, Section 3553(a).

8          Mr. Muñoz-González is a 25-year-old U.S.

9  citizen resident of Bayamón, Puerto Rico, who has one

10 dependent.  The defendant completed high school and

11 was employed in the billing department at a commercial

12 group company.  He suffers from a herniated disk in

13 the vertebrae.  He has no reported history of

14 substance abuse and this is his first known arrest and

15 conviction.

16         Lastly, the Court has taken into

17 consideration the elements of the offense and

18 Mr. Muñoz-González's participation of the same.

19 Specifically, he used the application Kik to share

20 videos and images of him licking, touching,

21 ejaculating, and pressing his genitalia against his

22 eight-month-old daughter's privates.  He also shared

23 images of his 15-year-old sister-in-law nude while

24 using the bathroom.

25         A search of his phone upon arrest yielded

Sentencing Hearing - Derek Muñoz-González

1    three child pornography videos of prepubescent male

2    and female minors.  Moreover, I have considered

3    Section 3553 factors, the elements of the offense, the

4    plea agreement between the parties -- I'm giving great

5    weight -- the need to promote respect for the law,

6    protect the public from further crimes by the

7    defendant, as well as address the issues of deterrence

8    and punishment.

9         And the Court deems that a sentence at the

10   higher end of the guideline range agreed to by the

11   parties in the plea agreement is a sentence that is

12   just and not greater than necessary.  Furthermore, at

13   paragraph 8 of the plea agreement the defendant has

14   waived his right to appeal if the Court sentences him

15   to 327 months or less.

16        Therefore, it is the judgment of this Court

17   that Mr. Derek Muñoz-González be hereby committed to

18   the custody of the Bureau of Prisons to be imprisoned

19   for a term of 327 months as to each count to be served

20   concurrently with each other.  Upon release from

21   confinement the defendant shall be placed on

22   supervised release for a term of 15 years under the

23   following terms and conditions:

24        The defendant shall not commit another

25   federal, state, or local crime and shall observe the

Sentencing Hearing - Derek Muñoz-González

1    standard conditions of supervised release recommended

2    by the U.S. Sentencing Commission and adopted by this

3    Court.

4         The defendant shall not unlawfully possess

5    controlled substances.

6         The defendant shall refrain from possessing

7    firearms, destructive devices, and other dangerous

8    weapons.

9         The defendant shall not have unsupervised

10   visits with the victim while she is a minor unless

11   determined to be appropriate by the treatment provider

12   and previously approved by the probation officer.

13        The defendant shall consent to the

14   installation of systems that will enable the probation

15   officer or designee to monitor and filter any internet

16   accessing and data storage devices owned and/or

17   controlled by the defendant.

18        The defendant shall consent to and cooperate

19   with unannounced examinations on any equipment owned

20   or controlled by the defendant which may result in the

21   retrieval and copying of all data from the device and

22   any internal or external peripherals, and may involve

23   removal of such equipment for the purpose of

24   conducting a more thorough inspection.

25        The defendant shall immediately notify the

Sentencing Hearing - Derek Muñoz-González

1    probation office upon registration for access to any

2    website or service that allows for communication with

3    other users, uploading/downloading of files, posting

4    of any material, etc.  Notification shall include the

5    site address, user name, password, pseudonyms, and

6    logons.  This includes, but is not limited to, social

7    networks, cloud storage services, message boards.

8           The defendant shall contribute to the costs

9    of the monitoring service based on his ability to pay.

10          The defendant shall not engage in a specified

11   occupation, business, or profession bearing a

12   reasonable direct relationship to the conduct

13   constituting the offense.  Specifically, the defendant

14   shall not work with children under the age of 18 or

15   hold a job that gives him authority over potential

16   victims, gives him access to vulnerable populations or

17   places him in settings near a school or playground.

18   Any employment must be notified in advance.

19          The probation officer will make an assessment

20   of the job placement and set employment restrictions

21   based on the Sex Offender Management Procedures

22   Manual.  The defendant shall consent to third party

23   disclosure to any employer or potential employer.

24          The defendant shall not participate in any

25   volunteer activity or be involved in any children's or

Sentencing Hearing - Derek Muñoz-González

1  youth organization or any group that would bring him

2  into close contact with a child or children under the

3  age of 18, unless with prior approval of the U.S.

4  probation officer.

5        The defendant shall not reside, date, or

6  socialize with a child or children below the age of

7  18.

8        The defendant shall cooperate in the

9  collection of a DNA sample as directed by the

10 probation officer pursuant to the Revised DNA

11 Collection Requirements, and Title 18, U.S. Code,

12 Section 3563(a)(9).

13       The defendant shall comply with the

14 requirements of the Sex Offender Registration and

15 Notification Act as directed by the probation officer,

16 the Bureau of Prisons, of any state, U.S. Territory or

17 Indian tribe, sex offender registration agency in

18 which he resides, works, is a student, carries on a

19 vacation, or was convicted of a qualifying offense.

20       The defendant shall submit his person,

21 property, house, vehicle, papers, computers, and other

22 electronic communication or data storage devices, and

23 media, to a search conducted by a U.S. probation

24 officer at a reasonable time and in a reasonable

25 manner based upon reasonable suspicion of contraband

Sentencing Hearing - Derek Muñoz-González

1   or evidence of a violation of a condition of release.

2   Failure to submit to a search may be grounds for

3   revocation of release.  The defendant shall warn any

4   other occupants that the premises may be subject to

5   searches pursuant to this condition.

6           The defendant shall undergo a

7   sex-offense-specific evaluation and/or participate in

8   a sex offender treatment and/or mental health

9   treatment program arranged by the probation officer.

10          The defendant shall abide by all rules,

11  requirements, and conditions of the sex offender

12  treatment programs including submission to testing

13  such as polygraphs or any other testing available at

14  the time of his release.

15          The defendant shall waive his right of

16  confidentiality in any records for mental health

17  assessment and treatment and sign any release form

18  required to obtain such records.

19          The defendant shall allow the U.S. probation

20  officer to review the defendant's course of treatment,

21  progress with the treatment provider.

22          The defendant shall be required to submit to

23  an initial polygraph examination and subsequent

24  maintenance testing intervals to be determined by the

25  probation office to assist in treatment, planning, and

Sentencing Hearing - Derek Muñoz-González

1    case monitoring and as a means to ensure that he's in

2    compliance with the requirements of his supervision or

3    treatment program.

4         The defendant will be required to contribute

5    to the costs of services rendered in the form of

6    co-payment based on his ability to pay or the

7    availability of third-party payment.

8         Pursuant to Section 3563(a)(5) of Title 18,

9    the Court waives the requirement for mandatory drug

10   testing in the absence of any evidence of present drug

11   use and the low risk of future abuse of controlled

12   substances.

13        The Court finds that the conditions imposed

14   are reasonably related to the offense of conviction

15   and to the sentencing factors as set forth in

16   Section 3553.  Furthermore, the Court finds that the

17   conditions imposed are consistent with the pertinent

18   policy statements issued by the Sentencing Commission

19   pursuant to Title 28, U.S. Code, Section 994(a), and

20   that there's no greater deprivation of liberty than

21   what is reasonably necessary to fulfill all the

22   sentencing objectives, including rehabilitation,

23   positive reintegration to the community, just

24   punishment, and deterrence.

25        Having considered Mr. Muñoz-González's

Sentencing Hearing - Derek Muñoz-González

1  financial condition a fine is not imposed.  A special

2  monetary assessment in the amount of $100 per count

3  however is imposed as required by law.

4           Pursuant to Title 18, U.S. Code, Section 3014

5  a $5,000 assessment is imposed.  Restitution is hereby

6  ordered in the amount of $3,000 per victim pursuant to

7  Title 18, U.S. Code, Section 2259.

8           The defendant shall forfeit to the United

9  States any interest or claims in the following:  Any

10 visual depiction described in this indictment, any

11 book, magazine, periodical, film, videotape, or other

12 matter which contains any such visual depictions which

13 was produced, transported, mailed, shipped, received

14 in violation of this chapter; any property, real or

15 personal, constituting or traceable to gross profits

16 or other proceeds obtained from such offense; and any

17 property, real or personal, used or intended to be

18 used to commit or to promote the commission of such

19 offense or any property traceable to such property,

20 all pursuant to Title 18, U.S. Code, Section 2253(a).

21          Mr. Muñoz, you can appeal this conviction if

22 you believe that your guilty plea was somehow unlawful

23 or involuntary or if there's some other fundamental

24 defect in these proceedings that was not waived by

25 your guilty plea.  You also have the statutory right

Sentencing Hearing - Derek Muñoz-González

1    to appeal your sentence under certain circumstances,

2    particularly if you think the sentence is contrary to

3    law.  With few exceptions, any notice of appeal must

4    be filed within 14 days of judgment being entered in

5    your case.

6         If you're unable to pay the cost of an

7    appeal, you may apply for leave to appeal as an

8    indigent person.  And, if you so request, the clerk of

9    court will prepare and file a notice of appeal on your

10   behalf.

11        The Court directs that the transcript of the

12   sentencing proceeding be forwarded to the Sentencing

13   Commission, the United States Bureau of Prisons, as

14   well as the probation office within 30 days of this

15   sentence.  The Court recommends that the defendant be

16   designated to the institution in Texas.  Can you spell

17   it out for my courtroom deputy.

18        MS. CARRILLO-JIMÉNEZ:  Yes, Your Honor.

19   Seagoville, s-e-a-g-o-v-i-l-l-e.

20        THE COURT:  And the recommendation is made

21   understanding that they have available treatments that

22   may benefit the defendant.  Thank you.  Anything

23   further?

24        MS. HERNÁNDEZ-VEGA:  Yes, Your Honor.  We

25   would request the dismissal of any pending counts.

Sentencing Hearing - Derek Muñoz-González

1       THE COURT:  Any pending counts in Criminal

2  No. 21-020 are dismissed at this time.  Thank you.

3       MS. CARRILLO-JIMÉNEZ:  Permission to

4  withdraw.

5       THE COURT:  Granted.

6       (Sentencing hearing concluded at 11:48 a.m.)

7                        ---

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Sentencing Hearing - Derek Muñoz-González

1  UNITED STATES DISTRICT COURT     )

2              OF                    )ss.

3       PUERTO RICO                  )

4

5

6

7                    CERTIFICATE

8

9

10        I, EVILYS E. CARRIÓN-ESQUILÍN, hereby certify

11  that the proceedings and evidence are contained fully

12  and accurately, to the best of my ability, in the

13  notes recorded stenographically by me, at the

14  sentencing hearing in the above matter; and that the

15  foregoing is a true and accurate transcript of the

16  same.

17

18                    /s/ Evilys E. Carrión-Esquilín

19                    EVILYS E. CARRIÓN-ESQUILÍN, RPR
                      Official Court Reporter
20                    United States District Court
                      Federal Building, Room 200
21                    San Juan, Puerto Rico 00918
                      787-772-3377
22

23

24

25

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

### District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>Derek MUNOZ-GONZALEZ | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  3:21-cr-00020-SCC-1<br>USM Number:  25529-509<br><br>Melanie Carrillo-Jimenez, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)      One (1) and Two (2) of the Indictment on 10/25/2021.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a)(e) | Production of child pornography. | 1/13/2021 | One (1) and Two (2) |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    remaining                    ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/11/2022
Date of Imposition of Judgment


s/ Silvia L. Carreno-Coll
Signature of Judge


Silvia L. Carreno-Coll, U.S. District Judge
Name and Title of Judge


5/11/2022
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___7___

DEFENDANT:     Derek MUNOZ-GONZALEZ
CASE NUMBER:   3:21-cr-00020-SCC-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a
total term of:

Three hundred and twenty-seven (327) months as to each Count to be served concurrently with each
other.

☑ The court makes the following recommendations to the Bureau of Prisons:
   Defendant to be designated to FCI Seagoville.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:   Derek MUNOZ-GONZALEZ
CASE NUMBER:   3:21-cr-00020-SCC-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Fifteen (15) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:   Derek MUNOZ-GONZALEZ
CASE NUMBER:   3:21-cr-00020-SCC-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT:   Derek MUNOZ-GONZALEZ
CASE NUMBER:   3:21-cr-00020-SCC-1

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall not unlawfully possess controlled substances.

3. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

4. The defendant shall not have unsupervised visits with the victim while she is a minor unless determined to be appropriate by the treatment provider and previously approved by the Probation Officer.

5. The defendant shall consent to the installation of systems that will enable the Probation Officer or designee to monitor and filter any internet accessing and data storage devices, owned and/or controlled by the defendant. The defendant shall consent to and cooperate with unannounced examinations on any equipment owned or controlled by the defendant, which may result in retrieval and copying of all data from the device and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. You shall immediately notify the Probation Office upon registration for access to any website or service that allows for: communication with other users, uploading/downloading of files, posting of any material, etc. Notification shall include the site address, user name, password, pseudonyms, and logons. This includes, but is not limited to, social networks, cloud storage services, message boards, etc. The defendant shall contribute to the cost of the monitoring service based on his ability to pay.

6. The defendant shall not engage in a specified occupation, business, or profession bearing a reasonable direct relationship to the conduct constituting the offense. Specifically, the defendant shall not work with children under the age of 18, or hold a job that gives him authority over potential victims, gives him access to vulnerable populations or places him in setting near a school or playground. Any employment must be notified in advance; the Probation Officer will make an assessment of the job placement and set employment restrictions based on the Sex Offender Management Procedures Manual. The defendant shall consent to third party disclosure to any employer or potential employer.

7. The defendant shall not participate in any volunteer activity or be involved in any children's or youth organization or any group that would bring him into close contact with a child or children under the age of 18, unless prior approval of the U.S. Probation Officer.

8. The defendant shall not reside, date or socialize with a child or children below the ages of 18, unless previously approved by the U.S. Probation Officer and after a third party risk has been duly signed.

9. The defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(a)(9).

10. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. Sec. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, U.S. Territory or Indian Tribe, sex offender registration agency in which he or she resides, works, is a student, carry on a vacation, or was convicted of a qualifying offense.

11. The defendant shall submit his person, property, house, vehicle, papers, computers (as defined in 18 U.S.C. Section 1030(e)(1)), other electronic communication or data storage devices, and media, to a search conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

12. The defendant shall undergo a sex-offense-specific evaluation and/or participate in a sex offender treatment/and or mental health treatment program arranged by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to testing; such as polygraph, and/or any other testing available at the time of his release. The defendant shall waive his right of confidentiality in any records for mental health assessment and treatment, and sign any necessary release form required to obtain the records, imposed as a consequence of this judgment to allow the U.S. Probation Officer to review the defendant's course of treatment and progress with the treatment provider. The defendant shall be required to submit to an initial polygraph examination and subsequent maintenance testing intervals to be determined by the probation office to assist in treatment planning and case monitoring and as a means to ensure that he is in compliance with the requirements of his/her supervision or treatment program. The defendant will be required to contribute to the costs of services rendered, by means of co-payment, based on his/her ability to pay or availability of third-party payment.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT:   Derek MUNOZ-GONZALEZ
CASE NUMBER: 3:21-cr-00020-SCC-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 6,000.00 | $ | $ 5,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 3:21-cr-00020-SCC   Document 39   Filed 05/11/22   Page 7 of 7

Judgment — Page __7__ of __7__

DEFENDANT:   Derek MUNOZ-GONZALEZ
CASE NUMBER:   3:21-cr-00020-SCC-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ __11,200.00__ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
any visual depiction described in this Indictment or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. All pursuant to Title 18, United States Code, Section 2253(a).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.