**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

No. 22-1423

UNITED STATES OF AMERICA
Appellee,

v.

DEREK MUNOZ-GONZALEZ
Defendant-Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**REPLY BRIEF FOR THE APPELLANT**

José R. Olmo-Rodríguez
Court of Appeals No. 79544
261 Ave. Domenech
San Juan, PR 00918
787.758.3570/Jrolmo1@gmail.com

**TABLE OF CONTENTS**

                                                              PAGE
Table of Authorities........................................ 2

**Supreme Court**

Santobello v. New York, 404 U.S. 257 (1971) . . . . . . . . 3

United States v. Olano, 507 U.S. 725, 732,

113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) . . . . . . . . . . .6

**Appellate Court**

Correale v. United States, 479 F.2d 944(1st Cir. 1973) . . . 4

United States v. Almonte-Nuñez, 771 F.3d 84(1st Cir.2014) . .4

United States v. Clark, 55 F.3d 9(1st Cir. 1995). . . . . . .4

United States v. Duarte, 246 F.3d 56 (1st Cir. 2001). . . . .6

United States v. Lessar, 35 F.4th 37 (1st Cir. 2022). . . . .4

United States v. Matos-Quiñones, 456 F.3d 14(1st Cir. 2006). 4

United States v Saxena, 229 F.3d 1 (1st. Cir. 2000) . . . . .6

**Argument**................................................ 3

**REPLY BRIEF FOR THE APPELLANT**

Herein appears Appellant Derek Munoz-Gonzalez, through the subscribing attorney, and, respectfully, submits the following Reply Brief in support of his Appeal to this Honorable Court:

The prosecution opposes the appeal arguing that Appellant received the sentenced that he bargained for, that there was no breach of the plea agreement and that he did not address the four prongs of plain error.

First of all, Appellant bargained for the prosecution to agree on a plea agreement guideline calculation that did not include enhancements that the offense involved sexual contact and images of an infant and, therefore, the opportunity to request a sentence of 262 months. Appellant did not bargain for a guideline calculation with those enhancements and a sentence of 327 months, although he waived any sentence imposed of 327 months, or less.

Second, the prosecution breached the plea agreement. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "Because plea bargaining

requires defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to 'the most meticulous standards of both promise and performance.'" United States v. Clark, 55 F.3d 9( 1st Cir. 1995), at 12 (quoting United States v. Correale, 479 F.2d 944( 1st Cir. 1973), at 947 ). "Such standards require more than lip service to, or technical compliance with, the terms of a plea agreement." United States v. Almonte-Nuñez, 771 F.3d 84(1st Cir.2014), at 89. "[A] defendant is entitled ... to the benefit of the bargain struck in the plea deal and to the good faith of the prosecutor." United States v. Matos-Quiñones, 456 F.3d 14, 24 (1st Cir. 2006) (internal quotation and citation omitted).

The critical question is whether the prosecutor's "overall conduct [is] reasonably consistent with making [the promised] recommendation, rather than the reverse. The prosecution cites the case of United States v. Lessar, 35 F.4th 37 (1st Cir. 2022), in which neither party disputed "that the government agreed to recommend a sentence at the bottom of the applicable guideline range, but Lessard argued that the government attempted an end run around its obligation by giving lip service to its promise — recommending a sentence at the low end of the guideline range

— and then "vigorously advocating for 'a big sentence.'" This Honorable Court was not convinced and decided there was no breach stating that although it was true that the prosecutor stated that Lessard's offense warranted a "big sentence," Lessard glossed over the context in which this statement was made.

However, the case at hand is very different and distinguishable. Appellant argued that an error occurred when the prosecution without any request from the district court specifically addressed and emphasized on the enhancements that it had agreed to not include in the plea agreement guideline calculation, in exchange for Appellant's trial waiver and guilty plea, basically dishonoring the whole purpose of the plea agreement.

Although Appellant waived appealing a sentence of 327 months or less, he did not waive appealing a breach of the plea agreement by the prosecution. A breach of the plea agreement is not an aspect of the sentence. The plea agreement made no reference to a breach of contract.

Third, without referring to it in those specific words, Appellant argued that the error was clear and obvious because he made reference to the sentencing hearing's transcript when

5

the prosecutor expressly emphasized on the enhancements which omission from the sentence calculation was the only consideration for Appellant to enter into the plea agreement.

Plain error is "a formidable standard of appellate review." United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000). To prevail on plain-error review, the defendant must carry the devoir of persuasion as to four elements: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001); see United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Appellant shouldered this heavy burden in the case at hand.

Appellant argued that the error affected his substantial rights, and also seriously impaired the fairness, integrity, or public reputation of judicial proceedings, when Appellant stated in his brief that "he entered into a plea agreement that did not contain two sentencing enhancements believing that he would receive the support of the prosecution for a lesser sentence, precisely on account of the omission of those enhancements from the sentence calculation, only to

find that, at sentencing, the prosecution did not honor the contract and advocated vigorously for those enhancements. The process was fundamentally unfair." Appel brief, at page 9. There can be no controversy that a process in which a person is tricked into waiving fundamental rights affects a defendant's substantial rights and seriously impairs the fairness, integrity, or public reputation of judicial proceedings.

Finally, Appellant showed that there was error under binding authority by discussing several important cases on point. Appellant argued that there is a material difference between answering questions asked by a sentencing court and affirmatively advocating for an enhancement. United States v. Clark, 55 F.3d 9, 13(1st Cir. 1995). Appellant argued that the prosecution's statements here plainly were not made in response to any inquiry by the district court to correct a misstatement of fact, and that therefore, those statements crossed the line into forbidden terrain because supporting an enhancement entails an element of advocacy, and there was such advocacy by the prosecutor here. United States v Saxena, 229 F.3d 1 (1st Cir. 2000), United States v. Almonte-Nuñez, 771 F.3d 84, 89 (1st Cir. 2014).

Appellant also argued that, as explained in <u>Correale v. United States</u>, the reason that the government's breach cannot be harmless is obvious; it is the defendant's rights which are being violated when the plea agreement is broken or rendered meaningless. Appellant also argued that it is his trial waiver which must be voluntary and knowing, and that he offered that waiver not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statements in court. Finally, Appellant argued that if the prosecutor's statements are not adequate, the waiver is ineffective. <u>Correale v. United States</u>, 479 F.2d at 949.

WHEREFORE, Appellant, respectfully, requests that the Honorable Court grant the appeal.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, on December 11th, 2023.

I HEREBY certify that on this same date I have served this motion by filing using the CM/ECF filing system which will notify all parties.

S/José R. Olmo-Rodríguez
José R. Olmo Rodríguez
CA1 79544
261 Ave. Domenech,
SJ PR 00918
787.758.3570/jrolmo1@gmail.com